### THE STATE, GEORGE LAYTON, PROSECUTOR, v. THE OCEAN GROVE CAMP MEETING ASSOCIATION.

The ninth section of "An act conferring certain powers of government on boards of trustees, boards of directors or managers of any camp meeting association," &c. (*Gen. Stat.*, p. 347), authorizes suits to be brought for the collection of penalties, incurred for the violation of ordinances passed by such associations, before any justice of the peace, police justice or officer specially commissioned possessing the powers of police justices. *Held*, following *White* v. *Neptune City*, 27 *Vroom* 222, that the proceedings prescribed by this section are civil suits in the courts for the trial of small causes, and are not reviewable by *certiorari* in those cases in which the parties are given an appeal to the Court of Common Pleas by the provisions of the Justices' Courts act.

---

On *certiorari*.

Argued at June Term, 1896, before Justices DEPUE, VAN SYCKEL and GUMMERE.

For the prosecutor, *Claude V. Guerin* and *William H. Vredenburgh*.

For the defendant, *John E. Lanning* and *Joseph Coult*.

The opinion of the court was delivered by

GUMMERE, J.   The writ in this case was sued out for the purpose of removing into this court, for the correction of alleged errors therein, a judgment rendered by one of the justices of the peace of the county of Monmouth in a suit brought by the defendant association against the prosecutor for the recovery of a penalty incurred by him by violating one of the ordinances of said association.   The ordinance violated was passed under the authority of "An act conferring certain powers of government on boards of trustees, boards of directors or managers of any camp meeting association," &c.   *Pamph. L.* 1894, *p.* 140.   By the terms of this act any person who violates any provision of an ordinance passed under its authority may be sued by the association for the penalty prescribed in such ordinance, before any justice of the peace, police justice or officer specially commissioned and possessing the powers of police justices.

In the case of *White* v. *Neptune City*, 27 *Vroom* 222, this court, in construing a statutory provision similar to that just referred to, held that the court designated by the act as the forum where such suits should be prosecuted was not a tribunal newly created by the statute itself, but was the pre-existing and well-known Justice's Court.   Judgments of that court, except those obtained by confession, are only reviewable by appeal to the Court of Common Pleas, and cannot be removed into this court by *certiorari* for the correction of any supposed error therein, unless it appears that the justice was without jurisdiction.   *Gen. Stat., p.* 1882, § 96.   In the case before us it appears by the record and proceedings sent up with the writ that the justice had jurisdiction over the subject-matter of the suit and also over the parties with reference to that subject-matter.   That being so, we feel constrained to hold, under the authority of *White* v. *Neptune City, supra,* that the writ of *certiorari* in this case was improvidently issued and should be dismissed.

The prosecutor is entitled to costs.